**Charles E. ORCUTT**

v.

**Herbert FEIS and Ruth Stanley-Brown Feis.**

Supreme Judicial Court of Maine,

Jan. 9, 1973.

Michael & Wallace by John G. Richardson, Rochester, N. H., for plaintiff.

Sewall, Strater & Hancock by Frank E. Hancock, York, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

This is an appeal by the plaintiff from the decision of a Justice of the Superior Court granting the defendants' motion for summary judgment.

The plaintiff sought specific performance of a contract for the sale of real estate, asserting that a binding agreement had been finalized with the defendants.

There are two issues, namely:

(1) Had the parties formulated a contract, and

(2) if so, was the contract enforceable in view of the provisions of the Statute of Frauds (33 M.R.S.A. § 51[1])?

We do not reach the second issue because our evaluation of the record persuades us that no contract, whether in writing or otherwise, was ever consummated by the parties.

The complaint incorporated certain exhibits which were attached thereto, and the plaintiff also attached to his answer to the motion for summary judgment the affidavit of a real estate broker which incorporated by reference other documents. These clearly demonstrate that the efforts of the plaintiff to buy and those of the defendants to sell the real estate in question had not progressed to that degree of finality which the law recognizes as essential to a valid and enforceable contract. In short, preliminary negotiations leading to an agreement to buy or sell real estate fall short of being completed until the minds of the

---

1. "No action shall be maintained in any of the following cases:

    .    .    .    .    .

    4. Upon any contract for the sale of lands . . . .

    .    .    .    .    .

unless the . . . contract . . . or some memorandum . . . is in writing and signed by the party to be charged therewith . . . . "

contracting parties have met on all essential elements.

We can see no valid reason to outline all of the underlying facts disclosed by the pleadings and the documents attached as exhibits. From these it is clear that the defendants' original offer to sell was met by the plaintiff with an unacceptable counter offer which, although finally amended, was rejected by the defendants. The record demonstrates the defendants' intention not to be contractually bound until a written instrument had been executed by all the parties, which was never done.

The Justice below ruled correctly. Masselli v. Fenton, 157 Me. 330, 172 A.2d 728 (1961); Mississippi & D. Steamship Co. v. Swift, 86 Me. 248, 29 A. 1063 (1894); Mid-Continent Petroleum Corporation v. Russell, 173 F.2d 620 (10 Cir. 1949).

The entry is:

Appeal denied.

POMEROY, J., did not sit.